NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-10468 |
| Plaintiff-Appellee, | D.C. No.<br>1:19-mj-00635-LEK-KSC-1 |
| v. | |
| GERALD RAFAEL GARCIA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted December 10, 2020**
San Francisco, California

Before:  BOGGS,*** M. SMITH, and BENNETT, Circuit Judges.

Defendant Gerald Garcia appeals the district court's finding that he is

incompetent to stand trial.  We have jurisdiction under 28 U.S.C. § 1291 and

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

affirm.

The government charged Garcia with "knowingly and willfully . . . transmit[ting] in interstate and foreign commerce a communication, namely, an email message to a number of persons, . . . and the communication contain[ing] a threat to injure the residents of Parkway Community," in violation of 18 U.S.C. § 875(c). Garcia believes (and has believed for at least six years) that he is a "Targeted Individual" and that he is under constant electronic harassment through microwave, radio, and other technological means. He believes that about 75% of his neighbors in Parkway Community are complicit in targeting him. Garcia sent threatening emails to the individuals he believes are targeting him. Garcia sent an email describing and naming the residents of nine Parkway Community units, concluding with "I need to end this thing, and cap these island n**ger punk fucks in a well overdue international headline making payback session. Wish me luck!" He was then arrested.

The magistrate judge granted the government's motion for a judicial determination of Garcia's competency to stand trial. Forensic psychologist Dr. Sharon Tisza examined and evaluated Garcia. She diagnosed him with Delusional Disorder, Persecutory Type, and described him as having "an extremely elaborate delusional system about being a Targeted Individual" and being "100% convinced that all of his experiences leading to the index offense were the result of his being a

2

Targeted Individual." Dr. Tisza described Garcia as having "absolutely no insight" into his symptoms of mental illness. She also noted that Garcia was intelligent and understood the nature and consequences of the proceedings against him, possessed a factual understanding of the various pleas and defenses available to him, and was eager to work with his attorney. Nevertheless, Dr. Tisza found that Garcia's "Delusional Disorder affects his rational understanding of his case and therefore impedes his ability to effectively assist counsel." She concluded: "Mr. Garcia, to a reasonable degree of medical certainty, is presently suffering from a mental disease or defect, namely Delusional Disorder, Persecutory Type, rendering him **Mentally Incompetent to Stand Trial** . . . ." (emphasis in original).

The magistrate judge found Garcia incompetent to stand trial and recommended that he be committed to the custody of the Attorney General for evaluation. Garcia objected. The district court agreed with the magistrate judge, relying primarily on Dr. Tisza's report. The court rejected Garcia's objections to Dr. Tisza's methodology and made a de novo finding of incompetence. The district court held that "the impairments indicated in the Forensic Psychiatric Evaluation impede Mr. Garcia's ability to properly assist his counsel in his defense. Furthermore, the impairments are sufficient to limit Mr. Garcia's ability to effectively communicate with counsel and make decisions regarding his essential rights."

3

This court reviews the district court's incompetency finding for clear error. *United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1991). "It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Anderson v. Gipson*, 902 F.3d 1126, 1133 (9th Cir. 2018) (citation omitted). A defendant must have "the present ability to understand the charges against him and communicate effectively with defense counsel." *Cooper v. Oklahoma*, 517 U.S. 348, 368 (1996).

Garcia argues that the district court overlooked Dr. Tisza's findings that Garcia understands the nature and consequences of the proceedings against him and that he is eager to work with his attorney. Garcia contends that because his defense attorney is not one of the individuals targeting him, he would be able to effectively communicate with his attorney in defending his case. We find no clear error in the district court's finding to the contrary.

The district court's conclusion that Garcia is incompetent to stand trial was based on Dr. Tisza's medical findings.[1] Garcia offered no contrary expert evidence, and Dr. Tisza's findings support the district court's incompetency

---

[1] Dr. Tisza's report was accepted at Garcia's incompetency hearing in lieu of her testimony.

determination. Garcia suffers from a severe delusional disorder, which manifests itself in the belief that he is "targeted" and under constant electronic harassment. Dr. Tisza's finding, accepted by the district court (and the magistrate judge), was that Garcia cannot rationally understand his case as long as he continues to believe that he is under such harassment. Dr. Tisza specifically concluded: "Although Mr. Garcia possesses a factual understanding of the legal process, his Delusional Disorder affects his rational understanding of his case and therefore impedes his ability to effectively assist counsel."

Given Dr. Tisza's findings, the district court's determination that Mr. Garcia "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is not able to assist properly in his defense" is supported by the record.[2]

**AFFIRMED**.

---

[2] Our review of the district court's docket reveals that a competency evaluation dated November 4, 2020, conducted at the Butner, North Carolina Federal Medical Center, found Garcia competent to stand trial. Our affirmance of the district court's finding of incompetence is, of course, without prejudice to the district court's future review and determination of Garcia's competency, including based on this evaluation.